# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                       No. CR 06-1558 JB

JORGE BELTRAN-OCHOA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Jorge Beltran-Ochoa's Sentencing Memorandum, filed March 15, 2007 (Doc. 27)("Motion"). The Court held a sentencing hearing, and heard argument on Beltran-Ochoa's memorandum, on April 4, 2007. The primary issue is whether the Court should grant Beltran-Ochoa's request for a downward variance pursuant to United States v. Booker, 543 U.S. 220 (2005). Because the Court concludes that a sentencing range of 41 to 51 months, which Beltran-Ochoa's base-offense level of 21 and criminal-history category of II yields, is inappropriate given the nature of Beltran-Ochoa's past criminal conduct, the Court will vary from the Guidelines' sentencing range. The Court will not, however, vary to the extent that Beltran-Ochoa requests.

## PROCEDURAL BACKGROUND

On March 15, 2007, Beltran-Ochoa filed his Sentencing Memorandum, requesting that the Court vary from the Guidelines' sentencing range. See Motion at 1, 9. Beltan-Ochoa acknowledges that the Pre-sentence Report ("PSR") that the United States Probation Office ("USPO") prepared provides a base-offense level of 21 and a criminal-history category of II, and that such an offense

level/criminal history matrix establishes a Guidelines' sentencing range of 41 to 51 months. See id. Beltran-Ochoa requests that the Court vary from the Guidelines' sentencing range under United States v. Booker, to a sentencing range of 15 to 18 months. See Motion at 9.

In support of his variance request, Beltran-Ochoa contends that it is misleading to characterize his prior conviction for burglary as a crime of violence and to apply an additional 16 offense-level points as a result, because no violence actually occurred during the course of the burglary. See id. at 3-6. Beltran-Ochoa insists that he fled the home he was convicted of burglarizing as soon as he realized that it was occupied, and that, accordingly, no violence occurred. See id. at 3. Based upon the conduct giving rise to his burglary conviction, Beltran-Ochoa suggests that it is more appropriate to treat him, for offense-level purposes, as having committed an aggravated felony rather than a crime of violence. See id. at 1.

In further support of his request for a variance, Beltran-Ochoa notes that he completed five years and ten months of a six-year term of probation without incident. See id. Beltran-Ochoa also submits that he re-entered the United States after being deported to provide better for his diabetic wife and two children. See id. at 3.

On April 2, 2007, the United States filed its Response to Defendant's Sentencing Memorandum. See id., filed April 2, 2007 (Doc. 28). The United States disputes that the Guidelines' sentencing range for Beltran-Ochoa is unreasonable and inappropriate, and contests Beltran-Ochoa's variance request. See id. at 7.

At the April 4, 2007 hearing, Beltran-Ochoa clarified that his Sentencing Memorandum was requesting a variance under United States v. Booker, not contesting his offense level or criminal

history as presented in the PSR.  See Hearing Transcript at 4:2-7 (Sanchez)(taken April 4, 2007).[1]

## LAW REGARDING VARYING FROM THE SENTENCING GUIDELINES

In United States v. Booker, the Supreme Court of the United States held that the Sentencing Reform Act provision making the Sentencing Guidelines mandatory was unconstitutional.  See id. 543 U.S. at 261-62.  The Supreme Court left intact the other provisions of the Sentencing Reform Act, including 18 U.S.C. § 3553(a).  Section 3553(a) requires judges to consider certain factors when imposing a sentence, such as the kinds of sentence and the sentencing range the Guidelines establish.  See 18 U.S.C. § 3553(a)(4).  After United States v. Booker, and in accordance with that decision, Circuit Courts of Appeals review sentences imposed for reasonableness.  See id. 543 U.S. at 261-62.  A sentence falling within a correctly calculated sentencing range is presumed to be reasonable.  See United States v. Kristl, 437 F.3d 1050, 1054 (10th Cir. 2006).  A reasonable sentence is one "reflect[ing] the seriousness of the offense, [] promot[ing] respect for the law, [] [] provid[ing] just punishment for the offense, afford[ing] adequate deterrence to criminal conduct, [and] protect[ing] the public from further crimes of the defendant."  18 U.S.C. § 3553(a).  See United States v. Booker, 543 U.S. at 261-62.  A reasonable sentence is one that also "avoid[s] unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  18 U.S.C. § 3553(a).  See United States v. Booker, 543 U.S. at 261-62.

## ANALYSIS

In arriving at its sentence, the Court considered the Guidelines, the Guidelines' sentencing range established for the applicable category of offense committed by the applicable category of

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

defendant, and the sentencing goals contained in the Sentencing Reform Act. Having considered those factors, the Court concludes that some variance from the Guidelines' sentencing range is appropriate here. The Court believes that Beltran-Ochoa's past criminal conduct does not warrant the product of the 16-point special offense characteristic he has been assessed. The Court notes that the burglary of which Beltran-Ochoa was convicted does not appear to have involved any violence, and that Beltran-Ochoa does not have any other prior convictions or arrests.

In support of his motion, Beltran-Ochoa cites United States v. Hernandez-Castillo, 449 F.3d 1127 (10th Cir. 2004). In United States v. Hernandez-Castillo, the United States Court of Appeals for the Tenth Circuit considered whether the district court properly applied a 16-level upward enhancement to the defendant's offense level under the Guidelines. The crime for which the upward enhancement was applied was statutory rape. In the defendant's case, however, the statutory rape conviction was a misdemeanor, not a felony, the defendant and the victim were involved in a consensual relationship, and no force was used. The Tenth Circuit found that the 16-level enhancement was correctly applied. The Tenth Circuit also noted that the defendant's counsel had not objected to the reasonableness of the sentence imposed and stated:

> The sentence results from a sixteen-level enhancement on account of a consensual sexual relationship [the defendant] had with a younger girl many years ago, with parental consent, when both were teenagers. . . . Under the Sentencing Guidelines, this prior act, a statutory rape, is classified as a violent felony, leading to a 16-point enhancement, which translates into about four additional years in federal prison. In reality [the defendant] committed no violence and he was punished at the level of a misdemeanor.
>
> The Sentencing Guidelines produce this result by looking to possible punishment rather than actual punishment and by defining all statutory rape as violent regardless of the circumstances . . . .
>
> One might consider this the obvious case where an exercise of Booker

discretion could mitigate a sentence that does not fit the particular facts of the case
. . . .

United States v. Hernandez-Castillo, 449 F.3d at 1131-32.  The tone of the Tenth Circuit's language in United States v. Hernandez-Castillo suggest that Booker discretion may have been used to reduce the impact of an offense-level enhancement where the facts of the defendant's case did not appear to implicate the purposes underlying the enhancement provided for in the Guidelines.

The Court recognizes that burglary of a dwelling is included among those crimes considered crimes of violence, see U.S.S.G. § 2L1.2(1)(B)(iii), and the Court does not wish to minimize the seriousness of the crime of burglary.  The Court, however, believes that it can fashion a sentence that is more appropriate and reasonable for Beltran-Ochoa than the one the Guidelines establish for him. The Court believes that a sentence consistent with an offense level of 21 and a criminal-history category of I would be appropriate for Beltran-Ochoa and reasonable.  Such criteria yield a Guidelines' sentencing range of 37 to 46 months.  The Court acknowledges that it is not varying as much as Beltran-Ochoa requests.  The Court concludes, however, that its downward variation reflects the Guidelines' characterization of and concern about the crime of burglary of a dwelling, yet tries to take into account that Beltran-Ochoa's past conviction did not involve violence and that he does not have any other arrests or convictions.

Further, the Court believes that a sentence of 37 months, the low end of the range arrived at after variance, is appropriate and reasonable.  The Court believes that a sentence of 37 months reflects the Sentencing Commission's judgment about the seriousness of the offense, promotes respect for the law, provides just punishment,  affords adequate deterrence, and will protect the public. The Court concludes that a 37-month sentence is reasonable and that it is sufficient without

being greater than necessary to comply with the purposes of punishment set forth in the Sentencing Reform Act.

**IT IS ORDERED** that the request for a variance contained within Beltran-Ochoa's Sentencing Memorandum is granted in part and denied in part. The Court varies from a Guidelines' sentencing range of 41 to 51 months to a sentencing range of 37 to 46 months, and sentences Beltran-Ochoa to a sentence of 37 months imprisonment.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Larry Gomez
  Acting United States Attorney
Norman Cairns
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for Plaintiff*

Dorothy C. Sanchez
Albuquerque, New Mexico

    *Attorney for the Defendant*